UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
PETRIX DESROSIERS,

                Petitioner,

- against -

WILLIAM LEE, Superintendent,

                Respondent.
------------------------------------------------------------------x

NOT FOR PUBLICATION
MEMORANDUM & ORDER
11-CV-00804 (CBA)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 26 2013 ★
BROOKLYN OFFICE

AMON, Chief United States District Judge.

On February 14, 2011, Petrix Desrosiers, a citizen of Haiti, petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to vacate his 2003 New York state judgment of conviction. On February 13, 2003, Desrosiers pleaded guilty to one count of robbery in the first degree, a conviction that rendered him subject to mandatory removal. Desrosiers argues that his counsel, in violation of his Sixth Amendment rights, provided ineffective assistance during his plea negotiations by giving him erroneous advice regarding the immigration consequences of his guilty plea. As discussed in greater detail below, the Court dismisses Desrosiers's habeas petition as time-barred.

## BACKGROUND

On February 13, 2003, Desrosiers pleaded guilty to one count of robbery in the first degree, in satisfaction of an indictment for three counts of second degree murder, four counts of first degree robbery, two counts of second degree burglary, one count of second degree criminal possession of a weapon, and one count of fourth degree conspiracy. (Plea Tr. 14-16; 22-24.) At his plea allocution, the court advised him that in accepting the plea, he faced a sentence of twelve years' imprisonment and a period of post-release supervision and waived his rights to a jury trial and to appeal. (Id.) Desrosiers indicated that he understood these terms and that he was entering

1

his guilty plea knowingly and voluntarily. (Id.) Neither the court nor any of the lawyers present, including Desrosiers's counsel, mentioned any possible immigration consequences of pleading guilty to first degree robbery, an aggravated felony. On March 13, 2003, the court subsequently sentenced him to a determinate term of twelve years imprisonment.

## I. Desrosiers's Earlier Post-Conviction Proceedings

From the time of his sentence through the filing of the instant habeas petition, Desrosiers was engaged in a series of post-conviction and collateral proceedings. After his sentencing, instead of filing a direct appeal, Desrosiers filed a pro se motion, dated November 19, 2003, to vacate his judgment of conviction pursuant to C.P.L. § 440.10, claiming that he was coerced into pleading guilty. His motion was denied, and leave to appeal this ruling to the Appellate Division was also denied.

Shortly after, Desrosiers, with the assistance of counsel, filed a direct appeal in the form of a motion to reduce his sentence, claiming that his waiver of his right to file that appeal was not knowing, voluntary, or intelligent, and, as a result, the Appellate Division could consider whether or not his sentence was excessive. In a decision dated October 25, 2004, the Appellate Division affirmed Desrosiers's sentence without opinion, and the Court of Appeals denied leave to appeal on November 30, 2004. People v. Desrosiers, 11 A.D.3d 1054 (N.Y. App. Div. 2004); People v. Desrosiers, 3 N.Y.3d 756 (2004). In a pro se motion dated August 26, 2005, Desrosiers moved to reargue his direct appeal, a motion the Appellate Division denied on November 3, 2005.

Meanwhile, Desrosiers, proceeding pro se, filed a motion to set aside his sentence pursuant to C.P.L. § 440.20, raising arguments similar to those raised in his direct appeal. In a decision dated January 25, 2005, the court denied Desrosiers's motion and his application for

2

leave to appeal was denied by the Appellate Division on April 15, 2005. Desrosiers's subsequent motion for reargument was denied on November 3, 2005.

On April 4, 2005, before filing his motion for reargument in his first C.P.L. § 440.20 motion, Desrosiers, proceeding pro se, initiated his first habeas petition before this Court. In his original petition, Desrosiers raised the single argument that he pleaded guilty under duress imposed by the prosecutor and judge. On September 26, 2006, the Court dismissed this claim but granted Desrosiers leave to amend and assigned counsel to represent him. In his amended petition, Desrosiers, now represented by counsel, pursued two claims: (1) that Desrosiers did not plead guilty knowingly, voluntarily, and intelligently because he was not informed of the length of his post-release supervision ("PRS"); and (2) that the imposition of his PRS by the Department of Correctional Services after sentencing, rather than by the judge at sentencing, violated due process. On October 3, 2008, the Court dismissed the first claim, but stayed his habeas proceeding to permit him to exhaust his second claim. The Court administratively closed the case and conditioned the stay on specific time limits, requiring that Desrosiers initiate state court proceedings within thirty days from the date of the Order and return to this Court within thirty days of the state's resolution of that claim. See Desrosiers v. Phillips, No. 05-CV-2941, 2008 WL 4469594 (E.D.N.Y. Oct. 3, 2008).

While his habeas petition was pending, Desrosiers filed, on August 28, 2008, a second motion to vacate his judgment of conviction pursuant to C.P.L. § 440.10, arguing that his plea was involuntary because he was not informed of the length of his PRS. Following this Court's October 3, 2008 Order, Desrosiers also moved the state court to vacate his sentence pursuant to C.P.L. § 440.20 on the basis that the administrative imposition of his PRS violated due process. The motion to vacate judgment was denied on March 16, 2009, and Desrosiers did not seek leave

to appeal. Subsequently, on August 10, 2010, Desrosiers was resentenced, with the State's consent, to his original sentence of twelve years' imprisonment without any PRS. As a result, Desrosiers had no basis to return to this Court pursuant to the Court's October 3, 2008 Order and has not since attempted to reopen that federal action.

**II. Desrosiers's Deportation Proceedings and the Instant Challenge**

On February 28, 2005, three months after the Court of Appeals declined to review Desrosiers's direct appeal, the Department of Homeland Security ("DHS") commenced removal proceedings against him based on his conviction for an aggravated felony, a conviction that triggers mandatory removal. (See Am. Pet., Ex. 1 at 8.) The Board of Immigration Appeals issued a final order of removal on January 30, 2006, which Desrosiers unsuccessfully sought to vacate three times. This Court denied his third and last motion to reopen his removal proceedings on May 29, 2009. Desrosiers v. Immigration and Customs Enforcement, No. 09-cv-00691 (E.D.N.Y. May 29, 2009).

Over a year later, on July 16, 2010, a few months after his last C.P.L. § 440.10 motion was denied, Desrosiers filed yet another motion in state court seeking to vacate his judgment of conviction pursuant to C.P.L. § 440.10. This motion raised, for the first time, Desrosiers's claim here, i.e., that his counsel provided ineffective assistance by giving him erroneous information regarding his citizenship status and the immigration consequences of his guilty plea. Specifically, he claims that he was incorrectly advised that he could not be deported if he pleaded guilty because he was a United States citizen by virtue of the fact that his father had become a United States citizen and because he had a son under eighteen years of age who was a United States citizen, but that he would be deported if he were convicted at trial. (See Pet'r 440 Mem. at 7.) In a decision dated November 17, 2010, the supreme court denied his motion on the

grounds that: (1) his claim was procedurally barred since he could have raised this claim in one of his prior motions; and (2) his motion papers failed to contain sworn allegations of fact substantiating or tending to substantiate the claims in his motion as required by law. (Am. Pet., Ex. 3 at 2-3.) The Appellate Division denied Desrosiers leave to appeal on March 19, 2012.

After the supreme court denied his motion, Desrosiers initiated the instant habeas proceedings before this Court on February 14, 2011, seemingly seeking to challenge his deportation. In an amended petition dated May 23, 2011, however, Desrosiers clarified that he is petitioning the Court pursuant to 28 U.S.C. § 2254 to vacate his 2003 conviction based on his claim that his counsel provided ineffective assistance by misadvising him about the immigration consequences of his guilty plea.

## DISCUSSION

Respondent advances several alternative grounds warranting dismissal of Desrosiers's habeas petition, arguing that the petition is time-barred, procedurally barred, and, in any event, meritless. Because the Court agrees that the petition is untimely, it does not reach respondent's alternative arguments.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state prisoner seeking federal habeas relief must file his petition within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Regardless of which of these triggering events is used to calculate the limitations period, Desrosiers's claim is untimely.

As an initial matter, the Court notes that Desrosiers does not state any facts—nor has the Court discerned any on the record before it—that indicate the State impeded his ability to timely file this petition. Accordingly, § 2244(d)(1)(B) is inapplicable here.

Desrosiers fares no better under any of the other possible triggering events. Desrosiers's conviction became final on February 28, 2005, ninety days after the Court of Appeals declined on November 30, 2004 to review his direct appeal. 28 U.S.C. § 2244(d)(1)(A). In addition, assuming liberally that Desrosiers did not become aware of the "factual predicate" of his claim until he received the Notice to Appear in his removal proceedings, the date of discovery would have also been on or around February 28, 2005. 28 U.S.C. § 2244(d)(1)(D). Desrosiers, however, did not file the instant habeas petition until February 14, 2011, almost six years later. Even allowing for tolling for the numerous state post-conviction and collateral proceedings in the history of this case, 28 U.S.C. § 2254(d)(2), Desrosiers's claim was filed well beyond the one-year statute of limitations triggered by either of these events.

Finally, to the extent that Desrosiers relies on the date on which the Supreme Court issued its decision in Padilla v. Kentucky, 559 U.S. 356 (2010), as "the date on which the constitutional right asserted was initially recognized by the Supreme Court," 28 U.S.C. § 2254(d)(1)(C), that reliance is misplaced. In its recent decision in Chaidez v. United States, No. 11-820, 2013 WL 610201 (Feb. 20, 2013), the Supreme Court held that Padilla did not apply retroactively, thus rendering § 2244(d)(1)(C) inapplicable here.

## CONCLUSION

Accordingly, the Court dismisses Desrosiers's petition for a writ of habeas corpus as untimely. Since Desrosiers has failed to make a "substantial showing of the denial of a constitutional right," a Certificate of Appealability shall not issue. 28 U.S.C. § 2253(c). The Clerk of the Court is directed to enter judgment and to close the case.

SO ORDERED.

Dated: Brooklyn, New York
      February 25, 2013

s/Carol Bagley Amon
Carol Bagley Amon
Chief United States District Judge